Defendant-appellant, Anthony Riester, argues that his jury conviction for the felonious assault is against the manifest weight of the evidence.
He was indicted for felonious assault by knowingly causing serious physical harm to his former wife, Christine Kucera. The two were divorced the day before the incident. By all accounts, defendant appeared at her place of employment and punched her in the mouth following a child visitation dispute. Only the precise circumstances of the punch were disputed. The prosecution's theory was that defendant arrived, asked her "what the f*** is up," and punched her in the mouth. Defendant's theory, on the other hand, was that two of her co-workers attacked him and he struck her accidentally while she was trying to break up the fight.
The prosecution presented testimony from five witnesses to support its case. Christine Kucera and her co-workers James Brewton and Bret Elek testified that defendant arrived while the trio was working late. Each stated in only slightly different words that he uttered an obscenity and immediately struck Kucera in the mouth. Both agree they subdued him before he fled. Christine Kucera stated she received seventeen stitches on her mouth, twelve inside and five outside her mouth. She also suffered a permanent scar on her lip. The prosecution submitted into evidence a copy of her medical records and photographs of her injury.
Her brother Michael testified that he arrived on the scene after the altercation and brought her to the hospital emergency room for treatment. Finally, Detective Hugh Mills testified that he investigated the incident, but was unable to interview defendant because he fled the jurisdiction.
The defense presented testimony from two witnesses. Defendant's friend William Hill was not at the scene and was unable to testify concerning the altercation. Defendant testified in his own behalf. He stated that Kucera's co-workers began the altercation and he inadvertently struck her when she intervened. He admitted he drank several beers before the incident as Elek had testified.
The jury found defendant guilty of felonious assault as charged in the indictment. The trial court sentenced defendant to the minimum two years imprisonment.
Defendant, represented by newly appointed appellate counsel, raises the following sole assignment of error:
 THE CONVICTION OF FELONIOUS ASSAULT WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE APPELLANT'S TESTIMONY WAS CLEARLY THE CREDIBLE VERSION AND SUPPORTED THAT THE VICTIMS [SIC] INJURY WAS THE RESULT OF A FIST FIGHT BETWEEN THE APPELLANT AND ANOTHER.
This assignment lacks merit.
Defendant argues that his conviction is against the manifest weight of the evidence. He contends the evidence showed he inadvertently hit his former wife after her co-workers attacked him. He argues that, at most, he should have been convicted of the lesser offense of aggravated assault. We are unpersuaded.
Defendant has failed to show that the jury lost its way and created a manifest miscarriage of justice by finding him guilty in the case at bar. State v. Thompkins (1997), 78 Ohio St.3d 380. 387. The victim and two of her co-workers testified that defendant walked into their workplace, abruptly uttered an obscenity, and, unprovoked, punched his ex-wife in the mouth. Brewton observed the altercation from "about three feet" behind the victim and did not participate in it. Elek, who was near both the victim and the defendant when the sudden assault took place, stated he grabbed defendant at that point to prevent any further injuries.
The jury could properly find defendant's version — that he was gratuitously attacked by the victim's two co-workers — to be less credible. Defendant offered no persuasive reason why they would, for no benefit to themselves, spontaneously conspire to beat him when he arrived. Defendant, moreover, corroborated testimony of the prosecution witnesses that he had a strong odor of beer during the altercation. It was undisputed that defendant and the victim had been divorced the day before and already had a child visitation dispute. The jury could infer from this testimony that defendant's conduct during the incident was not as peaceable as he stated.
When presented with such conflicting testimony, it is precisely the role of the jury to determine the credibility of witnesses and the weight to be given their testimony. We note, moreover, that the jurors had a superior opportunity to evaluate the evidence because the jurors observed the witnesses as well as their demeanor, gestures, and voice inflections while they testified. See e.g., Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Our review of the cold record provides no basis to reach a different conclusion in the case at bar. Under the circumstances, we do not believe that this is an "exceptional case in which the evidence weighs heavily against conviction." State v.Thompkins, supra, at 387.
We also reject defendant's argument that he should have been convicted, at most, of the lesser charge of aggravated assault. The difference between aggravated assault and felonious assault is the element of provocation. R.C. 2903.12 (A) (1) defines the crime of aggravated assault as follows:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 (1) Cause serious physical harm to another * * * (Emphasis added.)
The record in the case at bar, however, contains no evidence of the requisite provocation. Defense counsel at trial did not even request an instruction on the offense of aggravated assault. Instead, the defense was that defendant committed no offense of any kind.[1] Inadvertently striking a third party (that is, the victim) while under an assault by others (that is, the co-workers) does not constitute an offense.
For the first time on appeal, defendant now contends that the two co-workers provoked him into the assault. It is noteworthy that defendant does not claim that the victim did anything to provoke him. Even if his new argument were true, it lacks merit. To constitute aggravated assault, the provocation must be "occasioned by the victim." R.C. 2903.12 does not contemplate that two bystanders, such as the victim's co-workers, could sufficiently "provoke" defendant into striking her, a third party, as defendant contends.
To mitigate the degree of the offense from felonious assault to the lesser charge of aggravated assault, the victim's conduct must precipitate the offense. No such claim or evidence regarding the victim's conduct is present in the case at bar. Under the circumstances, defendant has failed to show that the jury's verdict is against the manifest weight of the evidence.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and JOHN T. PATTON, J., CONCUR.
 __________________________________ DIANE KARPINSKI, JUDGE
[1] We express no opinion concerning whether the offense in the case at bar may have constituted domestic violence under R.C.2919.25.